1  VENABLE LLP
   Daniel S. Silverman (SBN 137864)
2  dssilverman@venable.com
   2049 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone: (310) 229-9900
4  Facsimile: (310) 229-9901

5  VENABLE LLP
   Ari N. Rothman (*pro hac vice*)
6  arothman@venable.com
   575 7th Street, N.W.
7  Washington, D.C. 20004
   Telephone: (202) 344-4000
8  Facsimile: (202) 344-8300

9  Attorneys for Defendant
   STARLINE COMMUNICATIONS
10 INTERNATIONAL, INC.

**FILED**
CLERK, U.S. DISTRICT COURT
AUG - 2 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE HARRIS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STARLINE COMMUNICATIONS INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. 12-cv-00778-PA (AGRx)<br><br>Hon. Percy Anderson<br>Courtroom No. 15<br><br>Hon. Magistrate Judge Alicia G. Rosenberg<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>**DISCOVERY MATTER**<br><br>Action Filed: January 27, 2012<br>Trial Date: March 26, 2013 |

*NOTE CHANGES MADE BY THE COURT*

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.

WHEREAS, the parties who have appeared in this action, Plaintiff Elaine Harris and Defendant Starline Communications International, Inc. ("Starline") (the "Parties"), agree that the discovery and pre-trial phase of this action may involve disclosure of information which has not been made public and which contains other confidential and non-public research, financial, business, technical development or commercial information, collectively referred to herein as CONFIDENTIAL INFORMATION;

WHEREAS, the Parties seek to protect such CONFIDENTIAL INFORMATION by way of seeking this Court's approval and entry of the terms of this Proposed Stipulated Protective Order set forth more fully below;

WHEREAS, **GOOD CAUSE** exists for the entry of a Protective Order, in that the CONFIDENTIAL INFORMATION subject to protection under this Order includes (1) information that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy" under California Civil Code § 3426.1, and (2) other confidential research, business, technical, development, financial or commercial information. The CONFIDENTIAL INFORMATION subject to protection under this Order reflects, among other things, the identity of customers, recipient-identifying information relating to the text messages at issue, internal matters pertaining to the business development activities of one or more of the Parties, and nonpublic financial information about the Parties. The unrestricted use or disclosure by a Party or third-party of CONFIDENTIAL INFORMATION may have the effect of causing harm to the competitive position of the Party or third-party disclosing the information.

WHEREAS, good cause appearing for the entry of this Stipulated Protective

Order, IT IS HEREBY ORDERED AS FOLLOWS:

1. **Proceedings and Information Governed.** This Stipulated Protective Order ("Order") shall apply to the action entitled *Elaine Harris v. Starline Communications International, Inc.,* United States District Court for the Central District of California, Civil Action No. CV12-00778 PA (AGRx) (the "Litigation"). This Order shall govern any discovery response, document, thing, material, testimony, or other sources containing CONFIDENTIAL INFORMATION that a Party or third-party may produce during discovery and/or pre-trial proceedings in this action, including during settlement discussions. The CONFIDENTIAL INFORMATION that is subject to this Order includes customer information, personal consumer information subject to protection under federal or California law, contracts that identify customers and vendors and the specific services provided for or by them, documents reflecting contract and pricing negotiations, performance data relating to advertising campaigns, internal financial records of non-public companies, subscriber information, and non-public tax information. This Order shall apply to all currently named and later joined or added parties in this Litigation that receive a copy of this Order from any Party or third-party to this Litigation.

The Order does not govern proceedings during trial. Once the Litigation proceeds to trial, all of the information that was designated as CONFIDENTIAL INFORMATION and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless ~~good~~ sufficient cause is shown to the district judge in advance of the trial to proceed otherwise. The Court will not enter a protective order that extends beyond the commencement of trial.

This Order does not apply to any information or documents already in the possession of a receiving party and not subject to any obligation of confidentiality.

[handwritten margin: AGR]

Error! Unknown document property name.

2.  **Designation of Information for Protection Under This Order.**
Any information produced in this Litigation that is reasonably believed by the producing party to be CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL." Materials produced by third-parties in response to subpoenas may be designated as CONFIDENTIAL by (a) any Party to this Litigation that represents that the material is proprietary as to that Party, or (b) any third-party that represents that the material is proprietary as to that third-party and agrees and is willing to be bound by the terms of this Order. The appropriate designation may be made by stamping or otherwise marking the information prior to production as follows: "CONFIDENTIAL." A CONFIDENTIAL designation shall be made by the Party or third-party producing the document by marking each page of the document CONFIDENTIAL if a paper-based document or pre-pending the file-name with "CONF" if an electronic document. In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the receiving party is provided a copy of the writing or thing. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give prompt notice thereof at the deposition.

In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated CONFIDENTIAL at a later time, and shall be treated as CONFIDENTIAL by all Parties hereto as though such information had been so designated when originally provided, except to the extent that such information has already been disclosed to persons not subject to this Order. In the event that documents subsequently designated as CONFIDENTIAL were previously disclosed prior to such designation being made, the Party that made such disclosure shall identify the recipients of those documents to the other Parties in this Litigation.

Error! Unknown document property name.

3. **Disclosure of Confidential Information.** Information designated CONFIDENTIAL may be disclosed by the receiving party to the following recipients only:

(a) the Parties;

(b) outside counsel representing a named party in this matter, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A, except that court personnel shall not be required to execute the Certification attached hereto as Exhibit A or be bound by the terms of this Order;

(d) an expert or consultant who is retained by any party or attorney described in Paragraphs 3(a) and (b) to assist with the Litigation, provided that such expert or consultant executes a Certification attached hereto as Exhibit A;

(e) a person who prepared, received, or reviewed the CONFIDENTIAL INFORMATION prior to its production in the Litigation;

(f) during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s), or who appears based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated CONFIDENTIAL or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g) any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

Error! Unknown document property name.

AGR

(h)     the Court and any Court personnel, and any Special Masters and/or Mediators appointed by the Court, ~~under seal~~ consistent with the terms of this Order; and

(i)     such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order and make them available to opposing counsel upon request.

4.     **Use.** CONFIDENTIAL INFORMATION shall be used by persons to whom it is disclosed solely for the purpose of this Litigation, including but not limited to contacting witnesses to discuss the subject matter of the Litigation, conducting discovery, preparing for trial and any appellate proceeding related hereto. (Nothing in the foregoing sentence is to be construed as modifying or limiting the provisions of paragraph 3 herein.) CONFIDENTIAL INFORMATION shall not be used by such party or persons for any other purpose, unless agreed to in writing by all parties to this Litigation or as authorized by further Order of the Court; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action. No person who is furnished CONFIDENTIAL INFORMATION shall disclose it to any person not entitled under this Order to receive it.

5.     **Court Procedures.**

(a)     If CONFIDENTIAL INFORMATION is included in any papers to be

Error! Unknown document property name.

filed in Court, such papers shall be accompanied by an application to file the CONFIDENTIAL portion thereof under seal. The application shall be directed to the judge to whom the papers are directed, and must show ~~good~~ *sufficient* cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. ~~The filing party may only file the portions of documents or things bearing CONFIDENTIAL INFORMATION under seal.~~ If a document or thing contains CONFIDENTIAL INFORMATION and information that is not CONFIDENTIAL, then the filing party must file publicly the document or thing filed under seal with CONFIDENTIAL INFORMATION redacted.

(b) ~~Any Court proceeding which refers to or describes CONFIDENTIAL INFORMATION shall in the Court's discretion be held *in camera*. In the event any CONFIDENTIAL INFORMATION is used in any open court proceeding in this Litigation, it shall not lose its CONFIDENTIAL status through such use, and~~ The party using such CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during ~~such~~ use *in open court*, consistent with paragraph 1 of this Order *and any Court order*.

6. **Party's Own Information**. A party is free to do whatever it desires with its own CONFIDENTIAL INFORMATION.

7. **Removal**. A party may seek to remove the CONFIDENTIAL designation of particular items that have been designated as CONFIDENTIAL under this Order. In such event, the following procedure, adopted from Local Rule 37, shall be utilized:

(a) The party seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the document, information or other thing as to which such removal is sought.

(b) If the parties cannot reach agreement concerning the matter within ten

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.

1   (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of
2   the notice, or such shorter time as the Court may allow, then the party seeking the
3   removal of the CONFIDENTIAL designation may file and serve a motion for an
4   Order requesting such relief. Any such motion shall be made in accordance with
5   Local Rule 37. The parties agree to cooperate in connection with the preparation
6   of any required Joint Stipulation. If a party wishes to file a Joint Stipulation under
7   seal, the other parties will cooperate in the filing of a stipulation to that effect,
8   setting forth good cause as to why the Joint Stipulation or relevant portions thereof
9   should be filed under seal. If such a motion is made, there shall be no disclosure
10  except as permitted under this Order until the Court has ruled upon the motion, and
11  then any further disclosure may be made only in accordance with the ruling so
12  made. The filing and pendency of such motion shall not delay or defer any other
13  pending discovery.
14       8.   **Depositions**. Any deposition reporter who takes down testimony in
15  this action at a deposition shall be given a copy of this Order and shall be required
16  to agree on the transcript of the deposition, before taking down any such testimony,
17  that all testimony and information revealed at the deposition shall not be disclosed
18  by such reporter or any person who transcribed such testimony except to the
19  attorneys of record for the parties in this action. In addition, all deposition
20  testimony and exhibits designated CONFIDENTIAL shall be clearly marked on
21  each page CONFIDENTIAL. If counsel designates any deposition testimony
22  CONFIDENTIAL within the 10 days after receiving the deposition transcript,
23  counsel shall specifically identify in writing which portions are to be
24  CONFIDENTIAL and shall send such writing to counsel for all parties involved in
25  the action. Further, Counsel for all parties will be responsible for marking
26  appropriate pages of the deposition transcript so designated CONFIDENTIAL.
27       9.   **Exclusion from Deposition**. Whenever any documents, information
28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

or other things designated as CONFIDENTIAL are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as CONFIDENTIAL.

10. **No Waiver.** This Order shall be without any prejudice to the right of the parties to (i) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use is restricted, or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, such as restrict the review of materials to the receiving party's outside counsel. Any such motion shall be made in accordance with the procedures described in paragraph 7(b) hereof. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof. Further, nothing in this Order shall be deemed a waiver of the parties' rights to oppose discovery on grounds other than that said discovery constitutes, contains or seeks confidential documents or information covered by this Order, nor shall it relieve a party of the necessity of a proper response to discovery devices.

11. **Inadvertent Disclosure.** The inadvertent or mistaken disclosure by a

Error! Unknown document property name.

producing party of CONFIDENTIAL INFORMATION shall not constitute a waiver of any claim of confidentiality. Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION and to bind such person or party to the terms of this Order; (b) within five (5) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A. Counsel for the receiving party will advise counsel for the producing party that it has obtained an executed certification within five (5) business days of its execution by the party to whom the CONFIDENTIAL INFORMATION was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

    If information subject to a claim of attorney-client privilege, work product or other immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, then the party receiving it shall immediately return to the producing party all originals and copies of all documents and things reflecting such information. The receiving party shall, in no event, maintain any originals or copies of documents or things reflecting information subject to a claim of immunity or privilege. Further, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned

within five (5) business days of such request unless the receiving party intends to challenge the producing party's assertion of inadvertence, privilege or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the five (5) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

12. **No Probative Value.** This Protective Order shall not, as to any third party, abrogate or diminish any contractual, statutory or other legal obligation or right of any party to this order with respect to any CONFIDENTIAL information. The fact that information is designated CONFIDENTIAL under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be CONFIDENTIAL or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not CONFIDENTIAL; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.

13. **Return of Information.** At the conclusion of this action (including upon dismissal or after appeal from final judgment), all CONFIDENTIAL INFORMATION and all documents which reflect such information, except (a) such documents or information which incorporate or are incorporated into attorney work-product and retained in Counsel's files (b) such documents or information

filed or provided to the Court, or (c) deposition transcripts (including documents used as exhibits) (d) such documents or information necessary to enforce any injunction entered in the case, shall, upon the request of the party furnishing such CONFIDENTIAL INFORMATION, be (i) delivered to the party that furnished such CONFIDENTIAL INFORMATION or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel within 45 days. Notwithstanding the foregoing, nothing in this Order shall be deemed to bind the Court or any of its personnel to any of the terms of this Order.

14. **Court's Jurisdiction**. The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of CONFIDENTIAL INFORMATION shall survive the termination of this Litigation to the extent the CONFIDENTIAL INFORMATION is not or does not become known to the public, and the Court shall retain jurisdiction with respect to this Protective Order.

15. **Effective Date**. Upon the signing of this Protective Order by the United States District Court Judge, or Magistrate Judge, this Protective Order shall be effective as against all Parties currently named or later joined or added in this Litigation.

**DONE AND ORDERED** in Chambers at Los Angeles, California this 2nd day of August, 2012.

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

12

[PROPOSED] STIPULATED PROTECTIVE ORDER

Error! Unknown document property name.

# EXHIBIT A: CERTIFICATION

In connection with the matter styled *Elaine Harris v. Starline Communications International, Inc.,* United States District Court for the Central District of California, Civil Action No. CV12-00778 PA (AGRx) (the "Order"), I hereby agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated:_____     _____

_____
[Print Name]

_____
[Company]

_____
[Address]